UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAMON BENTLEY FRANKLIN, | ) | 1:13-cv—00529-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING THE PETITION FOR |
| | ) | WRIT OF HABEAS CORPUS (DOC. 1) |
| | ) | |
| v. | ) | ORDER DECLINING TO ISSUE A |
| | ) | CERTIFICATE OF APPEALABILITY AND |
| NORTH KERN STATE PRISON, | ) | DIRECTING THE CLERK TO CLOSE THE |
| | ) | CASE AND TO SEND TO PETITIONER A |
| Respondent. | ) | CIVIL RIGHTS COMPLAINT FORM |
| | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on April 12, 2013 (doc. 5). Pending before the Court is the petition, which was filed on April 3, 2013, and transferred to this division of this Court on April 12, 2013.

   I.   Screening the Petition

   Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make

1

a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Adv. Comm. Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)).

   The Court may dismiss a petition for writ of habeas corpus either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

   II.   Conditions of Confinement

   A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A habeas corpus petition is the

correct method for a prisoner to challenge the legality or duration of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991)(quoting Preiser v. Rodriquez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Habeas Rule 1.

Petitioner, an inmate at the California Medical Facility, alleges that while confined at the North Kern State Prison, his trust account funds were stolen, he was battered by persons purporting to give him medical treatment, he was not allowed to appeal, his ingoing and outgoing mail was stopped by staff, and he was informed that he is the target of an anticipated contract "hit." (Pet., doc. 1, 3-7.) Petitioner seeks immediate medical care from outside the prison. (Id. at 14.)

Petitioner's allegations concern his conditions of confinement; they do not concern the legality or duration of his confinement. Thus, Petitioner is not entitled to habeas corpus relief, and the petition must be dismissed.

Should Petitioner wish to pursue his claims, he must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983. The Clerk will be directed to send an appropriate complaint form to Petitioner.

    III.   Construing Petitioner's Petition as a Civil Rights
           Complaint

3

1  Although the Court lacks habeas corpus jurisdiction over the
2 claims concerning conditions of confinement, the Court could
3 construe Petitioner's claims as a civil rights complaint brought
4 pursuant to 42 U.S.C. § 1983. See, Wilwording v. Swenson, 404
5 U.S. 249, 251 (1971). However, the Court declines to construe
6 the petition as a civil rights complaint because of various
7 differences in the procedures undertaken in habeas proceedings on
8 the one hand, and civil rights actions on the other.
9  First, if the petition were converted to a civil rights
10 complaint, Petitioner would be obligated to pay the $350 filing
11 fee for a civil action, whether in full or through withdrawals
12 from his prison trust account in accordance with the availability
13 of funds. 28 U.S.C. §§ 1914, 1915(b). The dismissal of this
14 action at the pleading stage would not terminate Petitioner's
15 duty to pay the $350 filing fee. Here, the petition was not
16 accompanied by the $350 filing fee or an authorization by
17 Petitioner to have the $350 filing fee deducted from his trust
18 account pursuant to 28 U.S.C. § 1915(b).
19  Further, 42 U.S.C. § 1997e(a) provides, "No action shall be
20 brought with respect to prison conditions under section 1983 of
21 this title, or any other Federal law, by a prisoner confined in
22 any jail, prison, or other correctional facility until such
23 administrative remedies as are available are exhausted." Section
24 1997e(a) requires exhaustion "irrespective of the forms of relief
25 sought and offered through administrative avenues." Booth v.
26 Churner, 532 U.S. 731, 741 n.6 (2001). Here, it is unclear
27 whether Petitioner has exhausted administrative remedies. (Pet.
28 7.)

Another omission from the petition that affects the Court's decision not to consider it as a civil rights complaint is the Petitioner's failure to identify the capacity in which the named respondent would be sued for purposes of a civil rights claim, which is critical to the issue of sovereign immunity.

In addition, if the petition were converted to a civil rights complaint, the Court would be obligated to screen it pursuant to the screening provisions of the Prisoner Litigation Reform Act of 1995. 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1). It is not clear that all of Petitioner's disparate allegations state civil rights claims. If the pleading ultimately were dismissed for failure to state a claim upon which relief may be granted, such a dismissal could count as a "strike" against Petitioner for purposes of 28 U.S.C. § 1915(g) and any future civil rights action he might bring.

Based on the foregoing analysis, the court concludes that the petition should be dismissed without prejudice so Petitioner may determine whether or not he wishes to raise his present claims through a properly submitted civil rights complaint.

IV.   Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a

petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

A certificate should issue if the Petitioner shows that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). A court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Habeas Rule 11(a).

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court will decline to issue a certificate of appealability.

V. Disposition

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED; and

6

2) The Clerk is DIRECTED to close the case; and

3) The Court DECLINES to issue a certificate of appealability; and

4) The Clerk is DIRECTED to send to Petitioner a civil rights complaint form for a person in custody.

IT IS SO ORDERED.

Dated:     **June 4, 2013**                             /s/ Sheila K. Oberto
                                                                                    UNITED STATES MAGISTRATE JUDGE